**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 49, AFL–CIO, Respondent.**

**No. 69–70.**

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1970.

Daniel M. Katz, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Abigail Cooley Baskir, Atty., N. L. R. B., on the brief), for petitioner.

Gerald R. Bloomfield, of Kool, Kool & Bloomfield, Albuquerque, N. M., for respondent.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

The National Labor Relations Board is before this court seeking enforcement of its order against the Sheet Metal Workers' International Association, Local Union 49, AFL–CIO. The Board issued its order upon adopting the Trial Examiner's finding that the Union, by restraining and coercing General Metal Products, Inc., in the selection of its representatives for the purposes of collective bargaining or adjustment of grievances, has engaged in and is engaging in unfair labor practices within the meaning of Section 8(b) (1) (B) of the National Labor Relations Act.[1]

General Metal Products, Inc., is a contractor in the building and construction industry. Roger Jones, the charging party, was a working foreman employed by General Metal Products. He worked with and supervised a crew of sheet metal workers on his employer's job site, and he and his crew were members of the Sheet Metal Workers' Local Union 49. On July 12, 1968, Jones' crew was scheduled to commence work at 8:00 A.M. Prior to that day, he had been informed by the general contractor on the job that a crane would be available for hoisting at the job site at 7:30 A.M., July 12, but would be moved to a different job site shortly after 8:00 A.M. Consequently, Jones arrived early for work on the 12th, and at 7:45 A.M. he commenced doing the necessary hoisting. Although he had seen several members of his crew at the job site, he chose to do the hoisting himself and he did not assign any members of his crew to help. Two other individuals, Darrell Hood, a superintendent of General Metal Products, and Pablo Abeyta, the job superintendent for the gen-

eral contractor, assisted Jones by tieing the needed materials to the lift at the ground. At 8:00 o'clock, Hood and Abeyta left and Jones assigned one of his crew members to complete the work they had been doing.

Because of this incident, Jones was tried by his Union on charges that he "did perform work prior to the beginning of the regular workday, and used men of other crafts to assist him perform such work, which is within the jurisdictional claims of the sheet metal workers." He was found guilty and fined although there was some dispute whether the Union's contract with General Metal Products specified 7:00 A.M. or 8:00 A.M. as the beginning of the regular working hours.

Thereafter charges were filed with the National Labor Relations Board asserting that the Union's actions violated Section 8(b) (1) (B). The Board, in agreement with the Trial Examiner, found that Jones was a supervisor with authority to represent his employer in grievance adjustments; that on July 12, he was engaged in the supervisory act of directing when, where and by whom the hoisting would be done; that the Union tried, found guilty and fined Jones for acts which were supervisory; that the natural and perhaps inevitable result of the Union's punitive action is not to interfere with his performance of rank-and-file work but rather with his activities as a supervisor and spokesman for General Metal Products; and that the further consequence of the Union's action must be to cause the foreman faced with such Union discipline to substitute the Union's determination of the meaning of the work agreement for the employer's. The Board concluded that under such circumstances a foreman ceases to function as the employer's agent; therefore, the Union restrained and coerced the employer in the selection of its representative for the purposes of collective bargaining or the adjustment of

1. 29 U.S.C. 151 et seq.

grievances in violation of Section 8(b) (1) (B).

■ Our review is limited to determining whether substantial evidence supports the findings of fact. We have carefully read the record and are satisfied that substantial evidence supports the findings that Jones was a supervisor and that he was disciplined by the Union for exercising a supervisory function.

■ The respondent Union argues that its conduct is protected legitimate union activity within the meaning of N.L.R.B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967). That case is inapposite insofar as it concerned union discipline of a member solely with reference to internal union matters. In the instant case, the acts which gave rise to charges against Jones were his alleged breaches of the Union's contract with General Metal Products. Hence, through union proceedings, respondent Local 49 sought to enforce its viewpoint as to the meaning of the contract. This is not the sort of protected internal union proceedings spoken of in Allis-Chalmers since respondent's proceedings were not limited to internal union matters affecting only the union's relationship with a union member, but instead concerned the meaning of the work agreement and therefore the relationship between the union and the employer.

Since the effect of the Union's act of disciplining Jones is to change General Metal Products' representative from one representing the viewpoint of management to a person responsive or subservient to the Union's viewpoint, the Union's act constitutes interference with an employer's control over its representative in violation of Section 8(b) (1) (B).[2] Accordingly the enforcement of the order of the National Labor Relations Board is hereby granted.

2. *See* San Francisco-Oakland Mailers Union No. 18, Int'l Typographical Union and Northwest Publications, Inc., 172 NLRB No. 252 (1968); Toledo Locals Nos. 15-P and 272 Lithographers, etc., 175

NLRB No. 173 (1969); New Mexico District Council of Carpenters and Joiners of America, 177 NLRB No. 76 (1969).