**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TOLEDO LOCALS NOS. 15–P AND 272 OF the LITHOGRAPHERS AND PHO-TO–ENGRAVERS INTERNATIONAL UNION, AFL–CIO, Respondent,**
and
**Toledo Blade Co., Intervenor.**

No. 20297.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 1971.

---

**56**

Michael F. Messitte, N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir, Michael F. Messitte, Attys., N. L. R. B., Washington, D. C., on brief.

Warren D. Wolfe, Toledo, Ohio, for respondent.

James F. Duggan, Chicago, Ill., for intervenor; James F. Duggan, George W. Moehlenhof, on brief; McDermott, Will & Emery, Chicago, Ill., of counsel.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The Board found that the union violated Section 8(b) (1) (B) of the Act (29 U.S.C. § 151 et seq.) by restraining and coercing The Toledo Blade Company, Inc. in the selection of its representatives for the purposes of collective bargaining and adjustment of grievances. The restraint and coercion was accomplished by the union in imposing fines on the company's superintendent and two foremen, who were members of the union, for conduct in the performance of their work.[1] A cease and desist order was issued which required the union affirmatively to expunge from its records the fact that the men had been fined. 175 NLRB No. 173.

In the present proceedings to enforce the Board's order the union contends (1) that the order is not supported by substantial evidence, and (2) that the Act should not be construed to inhibit what the union did. The union relies on NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967).

In our opinion there was abundant evidence, including inferences, to support the Board's order. Superintendent Aldrich was the Publisher's Representative in the collective bargaining agreement. He had authority to hire and fire and to adjust grievances. He was the highest ranking employee in the engraving department. His predecessor had represented the company in contract negotiations, and it was likely that Aldrich would continue to act in that capacity.

Foreman Jones regularly substituted for Aldrich in the performance of the latter's duties and responsibilities. Foreman Ulrich was the company's only representative on the night shift. Both foremen worked in the engraving department and had authority to handle and settle grievances.

---

1. The fines were suspended but not without warning against repetition of similar conduct.

Under union regulations the Superintendent and foremen were not permitted to hold office in the union, or to vote. All of the employees were required to join the union.

The fines were imposed because the union claimed that these supervisory employees, in the performance of their duties, had violated the provisions of the collective bargaining agreement. The violation occurred during a two-day strike of employees represented by the Stereotypers' Union, when Superintendent Aldrich and foremen Jones and Ulrich continued to work in the engraving department during the strike and in a work crew smaller than the agreement provided, and Aldrich worked longer hours than the agreement permitted. The agreement, however, provided for grievance settlement procedures which were not utilized by the union.

This conduct of the union could very well be considered as an endeavor to apply pressure on the supervisory employees of the Toledo Blade, and to interfere with the performance of the duties which the employer required them to perform during the strike, and to influence them to take action which it, the employer, might deem detrimental to its best interests. This conduct of the union would further operate to make the employees reluctant in the future to take a position adverse to the union, and their usefulness to their employer would thereby be impaired.

In our opinion, the conduct of the union constituted an interference with the employer's right to control its own representatives and operated to restrain and coerce it in the selection of its representatives for the purpose of collective bargaining or the adjustment of grievances.

Such conduct by a union is a violation of the Act. NLRB v. Sheet Metal Workers' Int'l Ass'n, 430 F.2d 1348 (10th Cir., 1970). Reliance on *Allis-Chalmers* is misplaced.

Enforcement granted.